## QUAINTANCE v. UNITED STATES.

(Circuit Court, S. D. New York. December 19, 1905.)

No. 3,931.

CUSTOMS DUTIES—CLASSIFICATION—COTTON CLOTH OF IRREGULAR TEXTURE.

Held that in order to come within the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 305, 30 Stat. 175 [U. S. Comp. St. 1901, p. 1656], for "all cotton cloth not exceeding one hundred threads to the square inch counting the warp and filling," it is not necessary that the goods should be uniform or homogeneous throughout, and that the provision includes openwork fabrics which contain nowhere more than 100 threads to the square inch and of which substantial portions have no warp and other substantial portions no filling.

On Application for Review of a Decision of the Board of United States General Appraisers.

147 F.—48

For decision below, see G. A. 5,928 (T. D. 26,062), which reversed the assessment of duty by the collector of customs at the port of New York on goods imported by W. B. Quaintance.

These goods were classified as etamines under Tariff Act July 24, 1897, c. 11, § 1, Schedule J, par. 339, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662]. Among the contentions made by the importer were (1) that the goods were dutiable as manufactures of cotton not specially provided for, under Schedule I, par. 322, 30 Stat. 179 [U. S. Comp. St. 1901, p. 1661]; and (2) that they were "cotton cloth" as defined in paragraph 310, 30 Stat. 178 [U. S. Comp. St. 1901, p. 1659], and were therefore subject to the provision in paragraph 305, 30 Stat. 175 [U. S. Comp. St. 1901, p. 1656], for "all cotton cloth not exceeding one hundred threads to the square inch counting the warp and filling. Said paragraph 310 reads as follows: "The term cotton cloth, or cloth, wherever used in the paragraphs of this schedule, unless otherwise specially provided for, shall be held to include all woven fabrics of cotton in the piece or otherwise, whether figured, fancy, or plain, the warp and filling threads of which can be counted by unraveling or other practicable means."

The following description of the goods and statement of the board's conclusions are taken from the opinion of the board:

De Vries, General Appraiser. Exhibits 2 and 3 represent "oriental stripes." These goods are cotton fabrics in the piece, with alternating close-woven stripes and a variety of fancy reticulated openwork like lace netting, in different colors and varying widths. The close-woven stripes, which gradually increase toward the selvage of the fabric, are composed almost entirely of warp, and the openwork of filling threads. In substantial portions of the fabrics there are no warp threads, whilst in other substantial portions of the fabrics there are no weft threads. In substantial portions of the fabric its fabrication is of the ordinary warp and weft process, while in other substantial portions its fabrication seems to have been accomplished by processes other than the warping and weaving of threads. * * * There is no uniformity or homogeneousness of warp or weft threads in very substantial portions of the fabric; and the board so finds as facts herein. * * * The board is of opinion that a cotton fabric from substantial portions of which are absent either warp or weft threads * * * does not come within the definition of cotton cloth as defined by said paragraph 310, and is not within the provisions of any one of the countable provisions—paragraphs 304 to 309, inclusive. * * * They are not both warp and weft threads. * * * Such goods, in our opinion, are properly dutiable as manufactures of cotton not specially provided for. under the provisions of paragraph 322. ·

The importer contended that the board erred in sustaining this contention rather than his alternative claim that the goods should have been classified under the provision in paragraph 305 above quoted, and by evidence introduced in the Circuit Court showed that in no part of the fabrics in question did the count of threads exceed 100 to the square inch. At the argument counsel for the importer relied on the decision in U. S. v. Ulmann (C. C. A.) 139 Fed. 3, which was rendered after the board's decision now in question was made, and in which it was held that flax drawnwork was within Schedule J, par. 346, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1663], where flax fabrics are made dutiable according to count of threads.

Comstock & Washburn (Albert H. Washburn, of counsel), for importer.

Charles Duane Baker, Asst. U. S. Atty.

PLATT, District Judge. The decision of the Board of General Appraisers is reversed.