UNITED STATES v. QUAINTANCE (No. 1798).[1]

Modified in accordance with Quaintance v. United States (147 Fed., 753) and concession of counsel.

United States Court of Customs Appeals, May 21, 1917.

APPEAL from Board of United States General Appraisers, Abstract 40358.

[Modified.]

*Bert Hanson*, Assistant Attorney General (*Martin T. Baldwin*, special attorney, of counsel), for the United States.

---

[1] T. D. 37411 (33 Treas. Dec., 356).

*Comstock & Washburn (Albert H. Washburn* and *George J. Puckhafer* of counsel) for appellees.

[Oral argument May 7, 1917, by Mr. Hanson and Mr. Washburn.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The importations here were made in 1901 and are parts of three different shipments. Their classification therefore depends upon the provisions of the tariff act of 1897 hereinafter referred to. The hearing before the board was under date of May 10, 1916. The time intervening between entry and hearing is explained by the fact that in some manner the papers in the case were mislaid. The merchandise is known as "oriental stripes." It is cotton fabrics in the piece and was assessed as etamines at 60 per cent ad valorem under paragraph 339 of the act of 1897, which it is unnecessary to recite other than to say that among other things it provides for etamines eo nomine at the above ad valorem rate. Classification as such does not, however, depend upon count of threads.

The importer protested, the material part of the protests being as follows:

SIR: Notice of dissatisfaction is hereby given with, and protest is hereby made against, your ascertainment and liquidation of duties and your decision assessing duty at 60 per cent ad valorem, or other rate or rates, on oriental stripe, liberty stripe, etc., covered by entries below named.

The reasons for objection, under the tariff act of July 24, 1897, are as follows: Said merchandise is not embroidered nor otherwise covered by paragraph 339, or, if so, it is otherwise more aptly and specifically provided for. It is cotton cloth, as defined in paragraph 310, and is properly dutiable under paragraphs 304 to 309, inclusive, at 35 per cent ad valorem, or otherwise as therein provided, according to count, weight, condition, value, etc., or else at such rate or rates plus those provided in paragraph 313

The importer says and the Government concedes that he entered the merchandise as dutiable at 30 per cent ad valorem plus two cents per square yard.

The only reference necessary to make to the countable paragraphs mentioned in the protests is to say that paragraph 310 defines cotton cloth; that paragraph 305 provides that cotton cloth not bleached, dyed, colored, stained, painted, or printed, exceeding 50 and not exceeding 100 threads to the square inch, counting the warp and filling, and not exceeding 6 square yards to the pound, shall pay a specific duty of 1¼ cents per square yard with increasing specific rates depending upon the number of square yards to the pound, and if it is bleached, dyed, colored, stained, painted, or printed, still higher specific rates are provided for, the highest being 3½ cents per square yard. A proviso to the paragraph fixes a duty on all cotton cloth not exceeding 100 threads to the square inch, if not bleached, colored, stained, painted, or printed, valued

at over 7 cents per square yard, of 25 per cent ad valorem; if bleached and valued at over 9 cents per square yard, the same rate; and if dyed, colored, stained, painted, or printed and valued at over 12 cents per square yard, a rate of 30 per cent ad valorem.

It will be noticed that the specific rates provided for in the paragraph depend, not upon the value per square yard but, the other conditions being assumed as within the paragraph, upon the number of square yards to the pound, while the proviso relates to the ad valorem duties and the other conditions being also assumed, to whether or not the cloth is bleached, dyed, colored, etc., and to the value per square yard if over 7 cents, increasing as the per square yard value increases and varying with the conditions of the cloth itself.

Paragraph 313 provides for duty upon cotton cloth if there has been introduced in the process of weaving other than the ordinary warp and filling threads for the purpose of forming a figure, in addition to the duty provided for other cotton cloth of the same description, or condition, weight, and count of threads per square inch, 1 cent per square yard, if valued at not more than 7 cents per square yard, and 2 cents per square yard if valued at more than 7 cents.

After these protests were filed and prior to the hearing before the board, like merchandise was held not to be etamines, but to be dutiable as cotton cloth under some of the countable paragraphs. See Quaintance *v.* United States (147 Fed., 753).

The correctness of this adjudication is admitted here, hence the merchandise was erroneously classified by the collector.

Owing to the lapse of time, the importer was not able to and did not produce either samples of the merchandise or oral testimony showing the count of threads per square inch and the other conditions necessary to determine which of the countable paragraphs was applicable, but relied for proof upon the invoices which accompany the entries and which are before us.

The Board of General Appraisers sustained the protests to the extent of holding the goods dutiable under the invoked countable paragraphs upon the authority of In re Hunter & Witcombe et al., G. A. 5691 (T. D. 25333), where it was held that—

The count of threads per square inch, condition, weight, and value as and where these particulars appear upon the verified invoices and not challenged are prima facie the correct descriptions of the merchandise covered thereby.

In the case before us the board said:

The count of threads, weight, condition, etc., of the merchandise in the case at bar are given on the invoices in question.

Before the board the Government apparently contended that because of lack of samples and for want of proof as to the condition and characteristics of the goods, the assessment, though erroneous,

could not be disturbed because the importer had not sustained the burden of showing not only that the collector's classification was wrong but also that the one contended for in the protests was correct.

In this court and before the concessions of the Government hereinafter stated were made, the importer relied upon the rule invoked by the board as to the effect of the invoices, while the Government denied its soundness as well as its efficacy here.

The importer says in his brief, referring to the count of threads per square inch:

* * * This after all is the only material statutory fact necessary to a proper classification of these goods, because such thread count would place the article in paragraph 305 as exceeding 50 and not exceeding 100 threads per square inch. The highest rate provided in that paragraph is 30 per cent, and under the rule adopted by the Circuit Court of Appeals for the Second Circuit in United States v. Buehne (159 Fed., 107) this would be the highest rate assessable under the primary paragraphs of the cotton schedule.

We understand the importer is not contending for any assessment other than that implied by his entry of the merchandise at 30 per cent ad valorem, plus 2 cents per square yard in addition, the addition manifestly being under paragraph 313.

Now, during and after the argument in this court, for the purpose of this case only, and to enable us to make a final and equitable disposition of the case here, the Government makes certain concessions. They are in substance that the goods are dutiable under paragraph 305, still claiming additional duty under paragraph 313; also that 30 per cent ad valorem is the highest duty provided for in paragraph 305. The effect of its concession, the Government admits, is to justify decision here that the merchandise shall be classified and assessed as entered.

In our view this makes easy the judgment here.

Without these concessions the burden was upon the importer to establish the facts necessary to show not only that the collector's classification was wrong but also that the one he contends for is right. The first part of this becomes unnecessary by reason of the agreement that the rule of the Quaintance case, supra, is correct, and the importer is relieved from the other by the concession that the goods may be assessed as entered, which of course involves the fact that the count of threads per square inch is as claimed by him.

In view of all this it seems that the ends of justice will be attained by remanding the case with directions that classification of the merchandise be had under paragraph 305 and duty assessed thereunder at 30 per cent ad valorem with an additional rate of 2 cents per square yard under paragraph 313, and it is so ordered.

*Modified.*

DE VRIES, Judge, concurs in the conclusion.